THORNBERRY v THOMPSON *et al., Appellants.*

**Contract:** ACTION: PROMISSORY NOTE. By the terms of a written contract for the sale of certain cattle, a part of the purchase money was to be paid in advance. When the time for payment came the seller instead of exacting the money, accepted a note, but there was no evidence that it was accepted as payment. Subsequently the purchaser refused to receive the cattle, alleging fraudulent misrepresentation as to their quality and condition. The seller having sued upon the note; *Held,* that he could not maintain his action. The acceptance of the note amounted only to an alteration of the original contract by extending the time of payment of the sum agreed to be paid in advance, and the plaintiff's cause of action, if any, was upon the contract for failure to take and pay for the cattle.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

*Shanklin, Low & McDougal* for appellants.

1.   The taking of the note in suit did not extinguish

31—69

the obligation of defendant Allen, to pay the $300 on his return from the shipment of the first lot of cattle, but only extended the time for its payment. *Howard v. Jones*, 33 Mo. 583; *Appleton v. Kennon*, 19 Mo. 637. 2. The action being on the note, and it being admitted by the pleadings that the note was given in lieu of the written stipulation that Allen was to pay $300 on the Iowa cattle and hogs on his return from shipment of first lot, and also that these were never delivered, the absolute failure of the consideration of the note is inferentially shown by the pleadings, and defendants were entitled to judgment thereon. 3. If the suit had been brought after the time stipulated for delivery, and after refusal to deliver or accept, as the case might be, and upon the stipulation of the written contract, which obligated Allen to pay $300 on the Iowa cattle and hogs some twenty days prior to the time stipulated for their delivery, it would scarcely be insisted that plaintiff could recover if his own pleadings showed that the cattle and hogs were never, in fact, delivered, and it would seem he has placed himself in no better condition by bringing his action upon the note. 4. Defendant Allen never got the Iowa cattle or hogs, and cannot, in law, be held liable to pay for them nor any installment agreed to be paid upon them; though he would be liable in damages if he breached the contract. 5. This is not a suit for damages for a breach of the contract, but is, in effect, a suit for an installment agreed to be paid upon a lot of cattle and hogs, which the pleadings admit were never delivered to nor received by defendant. 6. The plaintiff could recover, if at all, only on the case stated in his petition; and to permit him to recover, even nominal damages, on the case made by the answer, and the reply would be a departure not authorized by the rules of pleading. 1 Chitty Plead., 634; Moak's Van Santvoord's Plead., 719. A party cannot declare upon one cause of action and recover upon another and entirely distinct one. *Merle v. Hascall*, 10 Mo. 406; *Jones v. Louderman*, 39 Mo. 287.

*J. L. Davis* and *Wm. M. Rush, Jr.*, for respondent, argued, 1st, That the $300 was considered as earnest money to bind the bargain as to the Iowa cattle; 2nd, That the issue presented by the pleadings was whether or not the consideration of the note had failed by reason of the fraud of plaintiff, and the jury had found for plaintiff on that issue.

HOUGH, J.—On the 27th day of March, 1875, the plaintiff sold to the defendant Allen, twenty steers in Grundy county, to be delivered on the 2nd day of April, 1875; seventy-four head of cattle in Marion county, Iowa, to be delivered on the 1st day of May, 1875, and a certain lot of hogs following said cattle, supposed to be about 115 head, to be delivered with said cattle, all at 5⅝ cents per pound. The defendant Allen, received the twenty steers and paid for the same on delivery. When the remainder were delivered and weighed, the residue of the purchase money was to be paid, with the exception of $300, which sum, in the language of the contract, was to be paid "as soon as the party of the second part (Allen) returns after shipment of the first steers, say on or about the 10th day of April, 1875." On the 8th day of April, 1875, the note sued on was executed and delivered to the plaintiff in lieu of the said sum of $300, agreed to be paid at that date. At the time fixed for delivery, the defendant Allen refused to receive the Iowa cattle on the ground that they were not as good as plaintiff had represented them to be. It appears from the record that before the sale was consummated plaintiff had offered the twenty steers to defendant at five and a half cents, the Iowa cattle at five cents, and the hogs at six cents per pound, which offer was declined, and the parties finally agreed upon 5⅝ cents, the sum named in the contract, for the whole.

The defendants averred in their answer that the note in suit was for part of the purchase money of the Iowa cattle,

and pleaded as a defense the alleged false and fraudulent representations of the plaintiff as to the quality and condition of the cattle. The plaintiff denied all fraud, and averred that the $300 stipulated to be paid on the 8th day of April was earnest money on the Iowa cattle, and was to be considered as liquidated damages in the event the defendant Allen should fail to perform his agreement, and that the note in suit was given in full payment and discharge of said sum of $300. The testimony as to the representations of the plaintiff concerning the cattle, was conflicting. There was a verdict and judgment for the plaintiff, and the defendants have appealed.

It is not usual to pay earnest money where the contract is in writing, though we see no reason why such a transaction when had, should not be upheld. The civil law provided for giving earnest in all cases, whether the sale was in writing or not, and either party could rescind the sale by forfeiting the amount of the earnest money, without any stipulation to that effect. Benjamin on Sales, 147. But earnest money is not to be confounded with part payment. They are different things, and the 6th section of our statute of frauds and perjuries expressly distinguishes between them. Story on Contracts, § 1007; Benjamin on Sales, 144. The contract before us unquestionably fixes the character of the $300 stipulated to be paid, as part payment, and not as earnest, and testimony to show the contrary would have been inadmissible because it would have contradicted the ·writing. The contract required the installment of $300 to be paid before the delivery of the Iowa cattle, as an inducement, doubtless, to the fulfillment of the contract by defendant Allen, but in the absence of testimony showing that the note was delivered by the defendants and received by the plaintiff in payment of said $300, the delivery and acceptance thereof amounted only to an alteration of the original contract, and a change of the time of payment from the time fixed in the contract to the time fixed in the note. The testimony

fails to show any such a greement, and though the plaintiff pleaded it in his replication, he did not testify to it himself, or otherwise attempt to establish it at the trial. If there had been any testimony tending to show such an agreement, the question should have been submitted to the jury. Treating the note then as an alteration simply of the terms of the original contract as to the time of payment, the plaintiff must fail in his action. If the defendant wrongfully refused to complete the contract of sale by accepting the cattle and hogs, the plaintiff's remedy is not by action for any portion of the purchase money, but for damages for breach of the contract of sale. Although the plaintiff sued upon the note, the instructions given seem to proceed upon the theory that he had sued for a breach of the contract of sale. The case was improperly submitted to the jury, and the judgment of the circuit court will be reversed and the cause remanded. All concur except HENRY, J. who dissents.

REVERSED.