ALEXANDER THORNBERRY, Respondent, v. GEORGE W. THOMPSON, ET AL., Appellants.

Kansas City Court of Appeals, June 15, 1885.

1. PRACTICE—FACTS IN ISSUE MUST BE SUBMITTED TO JURY—CASE ADJUDGED.—This cause has been before the supreme court heretofore and is reported in 69 Mo. 481. On the case then presented by the record the court held that the acceptance of the note in suit amounted only to an alteration of the original contract, by extending the time of the payment of the three hundred dollars, agreed to be paid on the Iowa cattle, after returns from the shipment of the Grundy county cattle, etc., but that there was no evidence that it was delivered and received in *payment* of said three hundred dollar instalment. There *was* such proof at this second trial, and it would have been an error to have taken the case from the jury.

2. ———— INSTRUCTIONS.—An instruction will not be held insufficient for indefiniteness, if in other instructions given by the court, the

omission complained of is distinctly set forth ; some credit must
be given to the ordinary intelligence of the jury.

APPEAL from Daviess Circuit Court, HON. C. H. S.
GOODMAN, J.

*Affirmed.*

The case is sufficiently stated in the opinion of the
court.

SHANKLIN, LOW & McDOUGAL, for appellants.

I. The verdict was against the law and the evidence,
and defendant's motion for new trial should have been
sustained.   There was no agreement, express or other-
wise, *at the time* the note was given, that it was given
and received in payment of the three hundred dollars.

II. The court erred in giving instructions for plaintiff.
By the first and second the jury was told to find for
plaintiff if they believed that Thompson delivered and
plaintiff accepted the note in payment of the three hun-
dred dollars mentioned in the contract with Allen.   *This
is not enough.*   It must have been expressly agreed *at
the time* that it was so given and received.   *Appleton v.
Kennon,* 19 Mo. 637 ;   *Howard v. Jones,* 33 Mo. 583 ;
*Thornberry v. Thompson,* 69 Mo. 481.

III. Where material evidence is improperly admit-
ted, it is assumed to have been prejudicial to the party
against whom it was admitted.   Such evidence was ad-
mitted here.   And the rule as to erroneous intructions is
stronger, it must be *morally certain* that it did not
*mislead* the jury.   Thomp. Ch. Jury, sect. 130 ; *Watcher
v. Jones,* 31 Maine 534 ; 30 *Ib.* 173.

IV. The court erred in refusing defendants' instruc-
tions as to failure of consideration, and it should have
been submitted to the jury without the *rider* added by
the court.   The makers of the note received no consider-
ation therefor, and plaintiff *gave up no right for the
promise to pay* by defendants.

No brief on file for the respondent.

Opinion by PHILIPS, P. J.

This cause has been once before in the supreme court on appeal, and is reported in 69 Mo. 481.

On the case, as then presented by the record, the court held that the acceptance of the note in suit amounted only to an alteration of the original contract by extending the time of the payment of the $300, agreed to be paid on the Iowa cattle, after returns from the shipment of the Grundy county cattle, etc.

Hough, J., who delivered the opinion of the court, said: "The contract before us unquestionably fixes the character of the $300 stipulation to be paid, as part payment, and not as earnest, and testimony to show the contract would have been inadmissible, because it would have contradicted the writing. The contract required the instalment of $300, to be paid before the delivery of the Iowa cattle, and as an inducement, doubtless, to the fulfilment of the contract by the defendant, Allen, but in the absence of testimony showing that the note was delivered by the defendants and received by the plaintiff in payment of said $300, the delivery and acceptance thereof amounted only to an alteration of the original contract, and a change of the time of the payment from the time fixed in the contract to the time fixed in the note. The testimony fails to show any such agreement, and though the plaintiff pleaded it in his replication, he did not testify to it himself, or otherwise attempt to establish it at the trial. If there had been any testimony tending to show such an agreement, the question should have been submitted to the jury."

The object of the plaintiff on the second trial, from which defendants again appeal, manifestly was to supply this absent testimony. If he has presented any such proof he was entitled to go to the jury.

I have examined with care the evidence preserved in the bill of exceptions, and am satisfied there was such proof, and that it would have been error for the trial court to have taken the case from the jury.

The plaintiff testified substantially as follows: " Be-

fore the delivery of the Grundy county cattle, both Allen and Thompson told him that Thompson had bought the contract from Allen. Upon their return from the sale of the Grundy county cattle—the $300 being then due—Allen and Thompson wanted plaintiff to extend the time for payment of the $300. This he positively refused to do, and gave Thompson his reason therefor. This statement is nowhere contradicted in the record by any witness. Thompson then offered to give plaintiff his note with his (Thompson's) father and brother as sureties in payment of the $300 then due, which plaintiff agreed to. Thompson afterwards asked him to accept Allen as the surety, which he declined. Afterwards, on the same day, the note was written out by plaintiff in Thompson's presence, and he (Thompson) took it off to obtain the signature of the surety. Later in the day he came back to plaintiff and mentioned the name of the defendant, Cruzen, as surety, whom plaintiff finally accepted, and took 'the note in payment of the $300.'

"It was then expressly agreed that the note should be taken, and it was so given in payment of the $300 mentioned in the contract."

When pressed on cross-examination to give the language of Thompson, he answered: "I stated my understanding from what was then said. I cannot give all of Thompson's conversation, but he did say in the store, when the note was written, that he could not pay the money then due on the contract, but he said: 'I can and will pay it with a good note.' He further testified that the only change he made or would make in the agreement with Thompson was that he received the note with other names, that is, Allen and Cruzen, instead of Thompson's father."

Counsel for defendants contend that the offer made in the morning by Thompson, which the plaintiff accepted, was to give his father and brother as sureties; and that the evidence does not show that when he returned afterwards with the note signed by Allen and Cruzen, in lieu of the father and brother, there was any renewal, in express terms, of the agreement to give and

to accept the note of these defendants in payment of the $300 obligation. This is certainly most strained logic, to say the least of it.

The most obvious purport of the construction to be placed upon the substitution of the new sureties is this: The parties in the progress of the negotiations agreed that if Thompson would give his note with two named sureties, regarded as solvent, plaintiff would accept it in lieu and payment of the existing $300 debt. Thompson went off to obtain the sureties' signatures to the note, but afterwards returned without their signatures, but in lieu thereof offered the note with Allen and Cruzen. After some hesitation, the plaintiff concluded to take it, and did so. No court or jury could be permitted to draw any other conclusion from all this than an express agreement between the parties to take this note in the place of the one first proposed, and on the same terms and for the same purpose. Such a proposition admits of no debate.

It is next strenuously contended that plaintiff's evidence does not, with sufficient directness, show an express agreement that the note in suit was taken in payment of the $300 debt. The argument is that while the plaintiff in his direct testimony so stated, yet on his cross-examination, he could not have given the words or language employed by Thompson, from which the jury might infer the fact.

The object and use of cross-examination is to enable the adverse party to lay bare before the jury the weakness of the testimony of the witness; and it is for the jury to say, whether, when pressed, he has supported and sustained his broader statement in chief. The plaintiff, however, did give this language of Thompson's: "but he did say, when the note was written, that he could not pay the money then due on the contract, but said: 'I can and will pay it with a good note.'" Surely this was sufficient, when coupled with a tender of the note and its acceptance—as "tending to show such an agreement"—to entitle the plaintiff to go to the jury on its probative force.

More than this, however, the plaintiff introduced testimony tending to show that on the former trial in this cause the defendant Thompson stated that the note in suit was given in payment of the $300 debt.

We see no valid objections to the instructions, taken as a whole. Under them the jury must necessarily have found the existence of the agreement, which is the gist of this controversy. It is objected to on one or two of the instructions given on behalf of the plaintiff, that they fail to direct the mind of the jury specifically to the matter of the time when this agreement and understanding must have existed to make it binding. As there was no contradiction in the testimony as to the time when the understanding was had, I cannot perceive how it was possible for the jury to have been misled, or the defendants injured, by this omission. Especially must we decline to hold this to be reversible error in view of the fact that in other instructions given by the court, the jury were distinctly told that this agreement must have been made at the time the note was given. Some credit must be given to the ordinary intelligence of the jury.

We think the defendants have had a fair trial. The jury have credited the evidence of the plaintiff, and we cannot, if we would, control their judgment as to the weight of evidence and the credibility of the witnesses.

The judgment of the circuit court must, therefore, be affirmed. All concur.